IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SOFTWARE RIGHTS ARCHIVE, LLC §
§
v. § CIVIL NO. 2:07-CV-511(CE)
§ EASTERN DISTRICT OF TEXAS
GOOGLE, INC., ET AL. §

## LYNCH'S OBJECTIONS AND RESPONSES TO SUBPOENA

To:   IAC Search & Media, Inc. and Lycos, Inc., by and through their attorneys of record Claude M. Stern, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 50 California St., 22nd Floor, San Francisco, CA 94111, Mark D. Baker, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 and Otis Carroll, Ireland, Carroll & Kelley, P.C. 6101 S. Broadway, Suite 500, Tyler, Texas 75703.

J. Christopher Lynch and Wyrick Robbins Yates & Ponton LLP ("Respondents") make the following objections and responses to the requests for documents in the Subpoena in a Civil Case to Christopher Lynch issued in the above-styled matter.

Respectfully submitted,

WYRICK ROBBINS YATES & PONTON LLP

By: _____
Samuel T. Wyrick, III
N.C. Bar No. 5213
E-mail: swyrick@wyrick.com
Post Office Drawer 17803
Raleigh, North Carolina 27619-7803
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

Counsel for Respondents, J. Christopher Lynch
and Wyrick Robbins Yates & Ponton LLP

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as shown below, pursuant to Federal Rules of Civil Procedure on this the ___18TH___ day of _SEPTEMBER_, 2008.

Victor G. Hardy
Andrew G. DiNovo
Adam G. Price
Jay D. Ellwanger
DiNOVO PRICE ELLWANGER LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731

S. Calvin Capshaw
Elizabeth L. DeRieux
N. Claire Abernathy
CAPSHAW DeRIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
Longview, Texas 75606

Robert M. Parker
Robert C. Bunt
Charles Ainsworth
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702

Michael A. Jacobs
Rachel Krevans
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105

Michael E. Jones
John F. Bufe
POTTER MINTON
A Professional Corporation
P.O. Box 359
Tyler, Texas 75710

Harry L. Gillam, Jr.
Mellisa R. Smith
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

Gerald Ivey
Finnegan Henderson Farabow Garrett & Dunner, LLP
901 New York Ave., NW
Washington, D.C. 20001

Robert L. Burns
Darren M. Jiron
James G. Bell
Finnegan Henderson Farabow Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, Virginia 20190

Juanita R. Brooks
Jason W. Wolff
Fish & Richardson
12390 El Camino Real
San Diego, California 92130

Thomas B. Walsh, IV
Fisher & Richardson P.C.
5000 Bank One Center
1717 Main St.
Dallas, Texas 75201

Claude M. Stern
Jennifer A. Kash
Antonio R. Sistos
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Otis Carroll
Collin Maloney
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703

Mark D. Baker
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

_____
Samuel T. Wyrick, III

# GENERAL OBJECTIONS TO
# NOTICE OF DEPOSITION

1. Respondents object to the notice of deposition, because the appointed place, date, and time is an undue burden for Lynch. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"). Lynch will appear for deposition at a mutually convenient place, date, and time.

2. Respondents object to the notice of deposition, because the deposition is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). The parties have agreed that discovery will be directed at this stage of the case only to the issue of whether title to the patents-in-suit, having been originally vested in Egger, ultimately transferred to SRA ("standing"). Plaintiffs' notice of deposition contains no such limitation.

3. Respondents object to the notice of deposition, because the deposition seeks information that is protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the following clients of Lynch's law firm, Wyrick Robbins Yates and Ponton LLP, are protected by the attorney-client and/or work product privileges: Daniel Egger; Software Rights Archive, Inc.; Libertech, Inc.; Site/Technologies/Inc.; Open Source Risk Management, Inc. ("the WR clients"). Egger waives the privilege as to communications and work product generated in connection with that particular representation of Egger that Lynch undertook on February 11, 2005 for the purpose of clarifying to the PTO Egger's rights to the patents-in-suit ("the February 11, 2005 representation of Egger"). The WR clients preserve the privilege as to all other communications and work product of Lynch. These requests seek information far beyond the February 11, 2005 representation of Egger.

# GENERAL OBJECTIONS TO
# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Respondents object to these requests, because producing the requested documents at the appointed place, date, and time is an undue burden for Lynch. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"). Lynch will produce documents at a mutually convenient place, date, and time.

2. Respondents object to these requests, because they are overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). Subpoenas are "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 455 (E.D.N.C. 2005). Here, the parties have agreed that discovery will be directed at this stage of the case only to the issue of whether title to the patents-in-suit, having been originally vested in Egger, ultimately transferred to SRA ("standing"). These requests seek numerous documents with no connection whatsoever to standing.

3. Respondents object to these requests, because they seek information that is protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the following clients of Lynch's law firm, Wyrick Robbins Yates and Ponton LLP, are protected by the attorney-client and/or work product privileges: Daniel Egger; Software Rights Archive, Inc.; Libertech, Inc.; Site/Technologies/Inc.; Open Source Risk Management, Inc. ("the WR clients"). Egger waives the privilege as to communications and work product generated in connection with that particular representation of Egger that Lynch undertook on February 11, 2005 for the purpose of clarifying to the PTO Egger's rights to the patents-in-suit ("the February 11, 2005 representation of Egger"). The WR clients preserve the privilege as to all other communications and work product of Lynch. These requests seek information far beyond the February 11, 2005 representation of Egger.

# OBJECTIONS AND RESPONSES TO
# REQUESTS FOR DOCUMENTS FOR PRODUCTION

1. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO any alleged conveyance, assignment, license, or other transfer of any rights in the PATENTS-IN-SUIT and any RELATED PATENTS OR APPLICATIONS.**

   RESPONSE:

   Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

   Respondents further object that "license or other transfer" is vague, ambiguous, overly broad, and seeks documents irrelevant to standing.

   Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

2. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO the PATENTS-IN-SUIT.**

   RESPONSE:

   Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

   Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents relating to the patents-in-suit, rather than just those documents relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

3. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO any alleged transaction between Daniel Egger, on the one hand, and SITE TECHNOLOGIES and/or SITE/TECHNOLOGIES/INC., on the other hand.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents relating to "any" transaction between Egger and the named companies, rather than just those documents relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

4. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO the corporate status of SITE TECHNOLOGIES and/or SITE/TECHNOLOGIES/INC. at any time.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents relating to the named companies' corporate status, rather than just those documents relating to any corporate changes that would affect the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

5. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO any relationship between Daniel Egger and SITE TECHNOLOGIES and/or SITE/TECHNOLOGIES/INC. at any time.**

   RESPONSE:

   Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

   Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents relating to "any" relationship between Egger and the named companies, rather than just those documents relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

   Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

6. **All COMMUNICATIONS with Jeffrey Ait, SITE TECHNOLOGIES, and/or SITE/TECHNOLOGIES/INC.**

   RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that this request is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" communications, rather than just those communications relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

7. **All COMMUNICATIONS between you and SRA, including its attorneys, such as Lee Kaplan, Victor Hardy, and Raj Duvvuri.**

RESPONSE:

Respondents object to this request, because it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" communications, rather than just those communications relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Respondents object to this request for the further reason that it is irrelevant; it does not relate to the issue of standing, nor does it appear reasonably calculated to lead to the discovery of admissible evidence regarding standing. *See Schaaf*, 233 F.R.D. at 453 (holding that Rule 26 relevance requirements apply to subpoenas issued under Rule 45).

Respondents object to this request for the further reason that it seeks communications protected by the attorney-client and/or work product privileges. Specifically, it seeks communications made between Egger's attorneys in the context of representing Egger.

8. **All DOCUMENTS (including COMMUNICATIONS) regarding your current relationship with SRA.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is irrelevant; it does not relate to the issue of standing, nor does it appear reasonably calculated to lead to the discovery of admissible evidence regarding standing. *See Schaaf*, 233 F.R.D. at 453 (holding that Rule 26 relevance requirements apply to subpoenas issued under Rule 45).

9. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO your August 19, 2008 Declaration in the above captioned matter, including any drafts thereof.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents "relating to" the declaration, rather than just those communications relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

10. **All DOCUMENTS that you reviewed in preparation of your August 19, 2008 Declaration in the above captioned matter.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents, rather than just those documents relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

11. **All DOCUMENTS that you reviewed or considered in providing any advice described in your August 19, 2008 Declaration.**

RESPONSE:

Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

Respondents object to this request for the further reason that it is overbroad and unduly burdensome. *See* FED. R. CIV. P. 45(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). A subpoena request is "facially overbroad" when "[a] large quantity of the documents sought have no connection to anything involved in this case." *Schaaf*, 233 F.R.D. at 455. By seeking "all" documents, rather than just those documents relating to the ownership or transfer of the rights to the patents-in-suit, this request seeks numerous documents with no connection whatsoever to standing.

Subject to and without waiving these objections, Lynch with produce responsive, non-privileged documents relating to standing.

12. **All DOCUMENTS RELATING TO any matter for which you provided advice described in your August 19, 2008 Declaration.**

    RESPONSE:

    Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

    Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

13. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO an alleged February 11, 2005 Assignment from SITE TECHNOLOGIES TO Daniel Egger.**

    RESPONSE:

    Understanding this request to seek documents related to an alleged assignment from "Site/Technologies/Inc.," not "Site Technologies, Inc.," Lynch will produce responsive documents relating to standing.

14. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO an alleged February 22, 2005 Assignment from Daniel Egger to SRA.**

    RESPONSE:

    Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

    Subject to and without waiving these objections, Lynch will produce responsive, non-privileged documents relating to standing.

15. **All bills and invoices RELATING TO the preparation of the alleged February 2005 Assignment from SITE TECHNOLOGIES to Daniel Egger, and to any advice described in your August 19, 2008 Declaration.**

    RESPONSE:

    Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

    Subject to and without waiving this objection, and understanding this request to seek documents related to an alleged assignment from "Site/Technologies/Inc.," not "Site Technologies, Inc.," Lynch will produce responsive documents relating to standing.

16. **All bills and invoices RELATING TO the preparation of your August 19, 2008 Declaration.**

    RESPONSE:

    Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch. This request seeks information far beyond the February 11, 2005 representation of Egger.

    Respondents object to this request for the further reason that it is irrelevant; it does not relate to the issue of standing, nor does it appear reasonably calculated to lead to the discovery of admissible evidence regarding standing. *See Schaaf*, 233 F.R.D. at 453 (holding that Rule 26 relevance requirements apply to subpoenas issued under Rule 45).

17. **DOCUMENTS sufficient to identify all persons involved in the preparation of an alleged February 11, 2005 Assignment from SITE TECHNOLOGIES to Daniel Egger and an alleged February 22, 2005 Assignment from Daniel Egger to SRA and the provision of any advice described in your August 19, 2008 Declaration.**

    RESPONSE:

    Respondents object that this request seeks documents protected by the attorney-client and/or work product privileges. All of Lynch's communications and work product in

connection with his various representations of the WR clients are protected by the attorney-client and/or work product privileges. Egger waives the privilege as to communications and work product generated in connection with the February 11, 2005 representation of Egger. The WR clients preserve the privilege as to all other communications and work product of Lynch, including Lynch's February 22, 2005 representation of Egger. This request seeks information far beyond the February 11, 2005 representation of Egger.

Understanding this request to seek documents related to an alleged assignment from "Site/Technologies/Inc.," not "Site Technologies, Inc.," Lynch will produce responsive documents relating to standing.

18. **All DOCUMENTS (including COMMUNICATIONS) RELATING TO the above captioned litigation, including documents relating to your role therein.**

RESPONSE:

Respondents object to this request, because it is irrelevant; it does not relate to the issue of standing, nor does it appear reasonably calculated to lead to the discovery of admissible evidence regarding standing. *See Schaaf*, 233 F.R.D. at 453 (holding that Rule 26 relevance requirements apply to subpoenas issued under Rule 45).